## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DEANNA HOSKEY<br>WALTER HOSKEY, JR., H/W, | : <br> : <br> : | CIVIL ACTION |
| Plaintiffs, | : <br> : | NO. |
| v. | : <br> : | |
| DEPUY SYNTHES PRODUCTS,<br>INC.; DEPUY SYNTHES SALES,<br>INC., | : <br> : <br> : <br> : | |
| Defendants. | : <br> : | |

## <u>NOTICE OF REMOVAL</u>

Defendants, DePuy Synthes Products, Inc. and DePuy Synthes Sales, Inc. (collectively "DePuy Synthes"), by and through their undersigned counsel, respectfully petition this Court for removal of the above-captioned case from the Bristol County Superior Court of Massachusetts to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446, and allege as follows:

1.    Plaintiffs initiated this action against DePuy Synthes in the Bristol County Superior Court of Massachusetts, No. 1973CV00360, by filing a Complaint on April 17, 2019.  A copy of the Complaint is attached as Exhibit "A."

1

2.     On April 18, 2019, DePuy Synthes received an electronic alert indicating that DePuy Synthes had been sued and subsequently obtained a copy of the Complaint.

3.     Plaintiffs have not properly served either DePuy Synthes entity.

4.     This Notice is timely, it being filed within thirty days of Defendants' obtaining of a copy of the Complaint setting forth the claims for relief upon which the action is based.

5.     Plaintiffs Deanna Hoskey and Walter Hoskey Jr. are citizens of the State of Arizona. *See* Ex. A at ¶ 1.

6.     This case is a civil suit in which Plaintiffs seek damages from DePuy Synthes based on an alleged defect in a radial head prosthesis system that Plaintiffs contend was designed, manufactured, and sold by DePuy Synthes. *Id.* at ¶ 6.

7.     In determining whether diversity jurisdiction exists for a corporation, the only relevant inquiries are:  (1) place of incorporation; and (2) principal place of business.  28 U.S.C. § 1331(c)(1).

8.     A corporation's principal place of business is the location from where its officers direct, control, and coordinate its corporate activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

9.     DePuy Synthes Products, Inc. is incorporated in Delaware and has its principal place of business in Massachusetts.

2

10. DePuy Synthes Products, Inc.'s principal place of business is in Massachusetts because its officers direct, control, and coordinate its corporate activities from Massachusetts.

11. Depuy Synthes Sales, Inc. is a Massachusetts corporation with its principle place of business in Massachusetts.

12. Depuy Synthes Sales, Inc.'s principal place of business is in Massachusetts because its officers direct, control, and coordinate its corporate activities from Massachusetts.

13. Plaintiffs seek damages from DePuy Synthes in "an amount that is just and appropriate to compensate her for the injuries and damages sustained, plus interest and costs." *See* Exhibit A at "WHEREFORE" clauses to Counts I through V.

14. Plaintiffs allege that:

> Plaintiff suffered serious injury to her arm and elbow. Upon discharge to her home, Plaintiff required assistance with bathing and other daily activities. The Plaintiff's debilitating injuries have: (1) necessitated medical care and expenses; (2) necessitated multiple surgeries, and extensive rehabilitation; (3) temporarily rendered her incapable of working; (4) caused extraordinary physical pain and suffering and emotional distress and anguish; and (5) negatively affected the quality of her life by rendering her physically dependent on others and preventing her from enjoying normal day-to-day, social and recreational activities.

3

Exhibit A at ¶ 40.

15.   They further allege:

> As a direct and/or proximate result of the aforementioned conduct of the Defendants, Plaintiff has suffered physical pain and suffering, delayed healing, required revision surgery, psychological trauma, mental anguish, emotional distress, discomfort, inconvenience, embarrassment, and the loss of the ability to enjoy the pleasures of life, and will to continue to so suffer for an indefinite period of time into the future . . . serious, debilitating and permanent physical injuries, pain and suffering and mental anguish . . ., loss of income . . . .

Exhibit A at ¶¶ 50, 57.

16.   Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

17.   Under 28 U.S.C. § 1332, which provides for diversity jurisdiction, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

18.   Here, Plaintiffs' Complaint does not seek a precise amount of damages. Instead, the Complaint seeks damages from DePuy Synthes in "an

4

amount that is just and appropriate to compensate [Plaintiff] for the injuries and damages sustained, plus interest and costs." *See* Exhibit A at "WHEREFORE" clauses to Counts I through V. The Complaint does not indicate the maximum potential worth of Plaintiffs' damages.

19.    When a complaint does not limit its request to a precise monetary amount, courts appraise the claim's value—from the plaintiff's point of view—to determine whether it satisfies the amount in controversy requirement. *See generally Chin v. Holiday Cruises II, Inc.*, 141 F.R.D. 367, 370 (D. Mass. 1992).

20.    Courts find that the amount in controversy is satisfied where, as here, there are allegations of serious personal injury, mental anguish, and the possibility of future medical care. *Stewart v. Tupperware Corp.*, 356 F.3d 335, 340 (1st Cir. 2004) (finding amount in controversy requirement was satisfied because plaintiffs suffered physical injuries that resulted in permanent impairment to their bodily functions, had to cope with mental anguish of injuries, and may require future medical and psychological care); *Chin* 141 F.R.D. at 370 (finding amount in controversy was satisfied even though plaintiff's immediate medical expenses were low because her ability to enjoy life was "greatly damaged" and she suffered "great pain of body and mind"); *Gabrielle v. Allegro Resorts*, 210 F. Supp. 2d 62, 66 (D.R.I. 2002) (finding following allegations sufficient to satisfy amount in controversy: bodily and psychological injuries, medical and psychiatric treatment,

5

and continuing disability); *Raya-Rodriguez v. Sears Roebuck Co.*, 389 F. Supp. 2d 275, 278 (D.P.R. 2005) (finding following allegations sufficient to satisfy amount in controversy, despite lack of allegations of permanent disability: plaintiff required surgery and physical therapy, developed scar, and suffered from emotional stress and continuing physical pain); *Phillips v. Fox Ridge Resort*, No. Civ. 02–586–B, 2003 WL 22018895, at *2 (D.N.H. Aug. 22, 2003) (finding following allegations sufficient to satisfy amount in controversy: medical bills totaling over $12,000, lost wages, pain and suffering, and permanent scarring).

21.     In fact, "medical evidence showing that a plaintiff is suffering from a continuing or permanent physical impairment [is] an important indicator' in determining whether the plaintiff meets the amount-in-controversy requirement." *Rosario Ortega v. Star-Kist Foods, Inc.*, 370 F.3d 124, 129 (1st Cir. 2004) (internal quotation omitted) (alteration in original), *rev'd on other grounds, Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

22.     As a result, Plaintiffs' allegations concerning the damages they allegedly suffered and continue to suffer, coupled with their demand for damages in an amount appropriate to compensate for the injuries and damages sustained, satisfy the amount in controversy requirement in this case.

23.     Because the parties to this action are citizens of different states, and because the amount in controversy exceeds $75,000 under First Circuit law, federal

diversity jurisdiction exists, and removal of this action is appropriate under 28 U.S.C. § 1332(a).

24.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of the Notice of Removal is being provided to Plaintiffs and is being filed with the Bristol County Superior Court of Massachusetts.

25.    Judicial economy, fairness, and convenience to the parties will be served by removing this state action to federal court.

26.    Pursuant to 28 U.S.C. § 1446(a), no process, pleadings, or orders have been served on DePuy Synthes in this action.   The Complaint, which DePuy Synthes received through an electronic "dinger" notification, is attached hereto as Exhibit "A."

WHEREFORE, Defendants, DePuy Synthes Products, Inc. and DePuy Synthes Sales, Inc., respectfully request that the above-captioned action pending against it in the Bristol County Superior Court of Massachusetts be removed to the United States District Court for the District of Massachusetts.

999998.02620/119164893v.2

Respectfully submitted,

BLANK ROME LLP

By: _____

Michael Trainor (BBO No. 568910)
One Logan Square
Philadelphia, PA 19103-6998
215.569.5685 (Office)
215.832.5685 (Facsimile)
MTrainor@blankrome.com (email)
*Attorneys for Defendants*

Dated: April 19, 2019

8

## **CERTIFICATE OF SERVICE**

I, Michael Trainor, Esquire, hereby certify that, on April 19, 2019, a true and correct copy of the foregoing Notice of Removal was served via email and first-class mail upon the following:

Michael Appel, Esq.
Julie Ferraro, Esq.
Ketterer, Browne & Anderson, LLC
11130 Sunrise Valley Drive, Suite 140 Reston, VA 20190
Email: michael@kbaattorneys.com; julie@kbaattorneys.com

Michael Trainor

9